**In the Matter of Erick Scott PARKER.**

No. 98S00–0206–DI–321.

Supreme Court of Indiana.

Sept. 30, 2002.

*ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on March 15, 2002, advising that the respondent, Erick Scott Parker, was disciplined by the Supreme Court of Illinois and requesting, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On June 14, 2002, this Court issued an *Order to Show Cause*, to which the respondent has not responded. This case is now before us for final resolution.

We now find that the respondent was admitted to the bar of this state in 1997. He was also admitted to the bar of the state of Illinois. On May 24, 2002, the Supreme Court of Illinois granted the respondent's motion to have his name stricken from the Roll of Attorneys in that state, after the respondent had been charged with making a false statement on his bar application, submitting false resumes and altered law school transcripts to employers, and lying to the law firm where he was employed.

We find further that, pursuant to Admis.Disc.R. 23(28)(c),[1] the respondent has failed to demonstrate why identical reciprocal discipline should not issue in this state.

IT IS, THEREFORE, ORDERED that the respondent, Erick Scott Parker, is hereby suspended from the practice of law in this state. The respondent shall be eligible to petition for reinstatement pursuant to Admis.Disc.R. 23(4) upon reinstatement to the practice of law in Illinois or upon further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Illinois, and

---

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

    (c) Upon the expiration of thirty (30) days from service of the order [to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

    (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

    (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

    (3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

    (4) The misconduct established warrants substantially different discipline in this state.

    If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

    (d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.

---

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

(c) Upon the expiration of thirty (30) days from service of the order [to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

(3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.